UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MATTIE HOLT,

      Plaintiff,

              vs.                          Civil No. _____

DELTA AIRLINES,

      Defendant.
_____

**TO:**   **United States District Court**
       **Western District of New York**

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1441 and 1446, and Local Rule 81, Defendant, Delta Air Lines, Inc. (sued here as "Delta Airlines"), by its attorneys, Goldberg Segalla LLP, submits this Notice of Removal from the Supreme Court, State of New York, County of Erie, in which the above-captioned matter is now pending, to the United States District Court for the Western District of New York.  In support of said Notice, defendant states as follows:

### <u>Procedural History</u>

1.     Plaintiff filed her Complaint in the Supreme Court, State of New York, County of Erie on or about May 2, 2018.  The complaint does not state the amount of damages that will be sought.

2.     An Index of all documents filed in State Court is attached hereto as Exhibit A pursuant to Local Rule 81(a)(3)(A).  A copy of all pleadings and proceedings to date is attached hereto as Exhibit B.

## Parties

3.      Upon information and belief, plaintiff is a resident of Erie County, State of New York.

4.      Defendant is incorporated under the laws of the state of Delaware, with its principal place of business in Atlanta, Georgia.

5.      Based upon the foregoing, full diversity exists between the parties.

## Jurisdiction

6.      This Court has subject-matter jurisdiction of the action pursuant to 28 U.S.C. § 1332 in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## Basis For Removal

7.      This Court has subject-matter jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332.  Venue is proper pursuant to 28 U.S.C. § 1441(a) as this is the federal district court for the district embracing the place where the state court suit is pending.

8.      Though the complaint does not state the amount of damages that will be sought, in response to defendant's demand pursuant to New York CPLR 3017(c), plaintiff states that damages sought are $250,000.00, which exceeds the jurisdictional requirement of this Court. This response was received within the past 30 days.  See Exhibit C.

9.      As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon plaintiff, by and through her attorney of record, and is being filed with the Clerk of the Court of the State of New York, Supreme Court, County of Erie, Erie County Clerk's Office.

10.      Copies of all process, pleadings and orders served upon defendant in the State of New York Supreme Court, County of Erie, Index No. 806914/2018, are attached hereto as Exhibit B.

**WHEREFORE**, defendant files this Notice of Removal so that the entire state court action under Index No. 806914-2018 now pending in the State of New York, Supreme Court, County of Erie be removed to this court for all further proceedings.


Dated:  November 1, 2018
         Buffalo, New York

                              **GOLDBERG SEGALLA LLP**

                              */s/John P. Freedenberg*
                              John P. Freedenberg
                              *Attorneys for Defendant*
                              665 Main Street
                              Buffalo, New York 14203
                              (716) 566-5400
                              jfreedenberg@goldbergsegalla.com

To:

LeRoi C. Johnson, Esq.
*Attorney for Plaintiff*
181 Franklin Street, Suite 320
Buffalo, New York 14202


Erie County Clerk

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MATTIE HOLT,

      Plaintiff,

           vs.                            Civil No. _____

DELTA AIRLINES,

      Defendant.

_____

CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Notice of Removal was

served upon the following on the 1st day of November, 2018, via regular mail, postage prepaid:

LeRoi C. Johnson, Esq.
*Attorney for Plaintiff*
181 Franklin Street, Suite 320
Buffalo, New York 14202

and the Erie County Clerk by efiling.

Dated: November 1, 2018

                             **GOLDBERG SEGALLA LLP**

                             */s/John P. Freedenberg*
                             John P. Freedenberg
                             *Attorneys for Defendant*
                             665 Main Street
                             Buffalo, New York 14203
                             (716) 566-5400
                             jfreedenberg@goldbergsegalla.com

# EXHIBIT A

### <u>Index pursuant to Local Rule 81(a)(3)(A)</u>

1.      Summons and Complaint dated 4/28/18

2.      Amended Complaint dated 9/4/18

3.      Answer of Delta Air Lines, Inc. dated 9/7/18

4.      Response to CPLR 3017 Demand dated 10/29/18

5.      Answer of Delta Air Lines, Inc. to the Amended Complaint dated 11/1/18

# EXHIBIT B

STATE OF NEW YORK · )
SUPREME COURT          )      COUNTY OF ERIE

MATTIE HOLT,

             Plaintiff(s),

                                      **SUMMONS**

vs.

                                       **Index No.**

DELTA AIRLINES, and
John and Jane Doe 1-99,

             Defendant(s).

---

**TO THE PERSON NAMED AS DEFENDANT ABOVE:**

**PLEASE TAKE NOTE THAT YOU ARE HEREBY SUMMONED** to answer the

Verified Complaint in this action herein and to serve a copy of your Verified Answer on

the Petitioner's Attorney at the address indicated below within twenty (20) days after the

service of this Summons, exclusive of the day of service, or within thirty (30) days after

the service is complete if this summons is not personally delivered to you within the State

of New York.

**YOU ARE HEREBY NOTIFIED THAT** should you fail to answer, a judgment will be

entered against you by default for the relief demanded in the complaint.

Dated: April 20, 2018

                          LeRoi C. Johnson, Esq.
                          *Attorney for Plaintiff*
                          Law Office of LeRoi C. Johnson PLLC
                          181 Franklin St., Suite 320
                          Buffalo, New York 14202
                          (716) 885-6883

STATE OF NEW YORK      )
SUPREME COURT          )          **COUNTY OF ERIE**

**MATTIE HOLT,**

                **Plaintiff(s),**

                                   **COMPLAINT**

**vs.**

                                   **INDEX NO.**

**DELTA AIRLINES, and**
**John and Jane Doe 1-99,**

                **Defendant(s).**

The Plaintiff above-named, by and through her attorney, LeRoi C. Johnson, Esq., as and for

her Complaint against the Defendant herein, alleges as follows:

      1.      At all times material and hereinafter mentioned the Plaintiff, MATTIE

HOLT, was and still is a resident of the City of Buffalo, County of Erie, and State of New

York.

      2.      Upon information and belief, at all times material and hereinafter mentioned,

the Defendant, DELTA AIRLINES, was and still is incorporated and is conducting business

in the City of Atlanta, County of Clayton and State of Georgia.

      3.      Upon information and belief, on or about May 25, 2016, Ms. Holt was at the

DELTA AIRLINES and fell on the jet bridge plate being controlled and being operated by

the airlines.  This occurred in the City of Atlanta, County of Clayton and State of Georgia.


      4.      Consequently, the liability of the Defendant, DELTA AIRLINES, is the sole

responsibility of the Defendant.

      5.      Consequently, the liability of the Defendant, DELTA AIRLINES, is the sole

responsibility of the Defendant.

## AS AND FOR THE FIRST CAUSE OF ACTION

## ON BEHALF OF THE PLAINTIFF, PLAINTIFF ALLEGES AS FOLLOWS

6.      Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "5", inclusive with the same force and effect as if fully set forth herein.

7.      Following and as a result of the negligence of the Defendant in causing the accident, the Plaintiff was caused to sustain severe, painful and permanent injuries; and was otherwise rendered sick, sore, lame and disabled and prevented from following her usual duties and activities; was caused to endure considerable pain and suffering and was caused to endure pain and suffering in the future; was caused and will be caused to in the future to expend large sums of money for medical expenses, physicians' services, hospital care, etc.; has further suffered a loss of her quality and ability to enjoy life, and was otherwise injured and damaged.

8.      Upon information and belief and by reason of the foregoing, the Plaintiff has sustained a "serious injury" as that term is defined in Section 5102(d) of New York State's Insurance Law.

9.      Upon information and belief by reason of the foregoing, the Plaintiff has sustained or may sustain in the future "economic loss greater than basic economic loss" as that term is defined in Section 5102(a) of New York State's Insurance Law.

10.      That as a result of the foregoing, the Plaintiff has been damaged in a sum to be determined by the Court.

**WHEREFORE,** the Plaintiff hereby demands judgment against the Defendants herein as follows:

a) On the first cause of action in a sum to be determined by the Court;

b) Together with the costs and disbursements incurred in this proceeding, and for such other and further and different relief as the Court seems just and proper.

DATED:     April 20, 2018
              Buffalo, New York

By: _____
LeRoi C. Johnson, Esq.
*Attorney for the Plaintiff*
Law Office of LeRoi C. Johnson PLLC
181 Franklin Street, Suite 320
Buffalo, New York 14202
(716) 885-6883

STATE OF NEW YORK    )
SUPREME COURT    )    COUNTY OF ERIE

MATTIE HOLT,

Plaintiff(s),

vs.

DELTA AIRLINES, and
John and Jane Doe 1-99,

Defendant(s).

**VERIFICATION**

Index No.

STATE OF NEW YORK    )
COUNTY OF ERIE    )    ss:
CITY OF BUFFALO    )

I, MATTIE HOLT, being duly sworn, deposes and says: that Deponent is the Claimant in

the within action; that Deponent has read the foregoing Summons and Complaint, and knows the

content thereof; that the same is correct to the Deponent's own knowledge, except as to matters

stated to be alleged upon information and belief, and as to those matters, Deponent believes it to

be true.

MATTIE HOLT

Sworn to before me this
23rd day of April 2018

Notary Public

LEROI C. JOHNSON
Notary Public, State of New York
Qualified in Erie County
Commission Expires July 18, 19
April 2, 2022

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

MATTIE HOLT,

                   Plaintiff,

vs

DELTA AIRLINES,

                   Defendant.

**ANSWER**

Index No. 806914/2018

---

      Defendant, Delta Air Lines, Inc. (sued herein as "Delta Airlines"), by its attorneys, Goldberg Segalla LLP, for its answer to the complaint herein:

      1.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 1 and 3 of the complaint.

      2.     Responding to paragraph 2 of the complaint, states that Delta Air Lines, Inc., is a Delaware corporation with its principal executive offices in Atlanta, Georgia.

      3.     Denies the allegations contained in paragraphs 4, 5, 7, 8, 9 and 10 of the complaint.

      4.     Denies each and every allegation of the complaint not hereinbefore admitted, denied or otherwise controverted.

**AFFIRMATIVE DEFENSES**

      1.     The complaint fails to state a cause of action against the answering defendant.

      2.     Upon information and belief, the incident complained of in the complaint and the alleged damages were caused by the culpable conduct of plaintiff.

      3.     Upon information and belief, the incident complained of in the complaint and the

alleged damages were caused by the culpable conduct of one or more third-parties for which the answering defendant bears no responsibility.

4.     Upon information and belief, the spoliation of evidence has deprived the answering defendant of a full and unfettered opportunity to establish and present a complete defense herein, thus entitling it to dismissal of the claims against it.

5.     Some or all of plaintiff's causes of action are barred by the applicable statutes of limitations.

6.     The amount of any judgment in favor of plaintiff must be reduced by the amount plaintiff received or could have received from any collateral source.

7.     No action or inaction by the answering defendant was the proximate cause of plaintiff's alleged injuries or damages, and, therefore, the answering defendant is not legally responsible.

8.     Upon information and belief, plaintiff's alleged injuries or damages, if any, were the result of an independent, intervening and superseding cause or event, and/or an act or omission on the part of one or more persons or entities over whom the answering defendant had no control, with whom the answering defendant had no legal relationship, and whose acts or omissions the answering defendant had no reason to anticipate, and, therefore, the answering defendant is not legally responsible.

9.     Upon information and belief, the incident giving rise to this action and the alleged injuries of plaintiff's decedent were proximately caused by products that were not designed, manufactured, engineered, assembled, inspected and/or supplied by the answering defendant.

10.     The answering defendant reserves and asserts all rights under General Obligations Law Section 15-108 in the event plaintiff settles with or discontinues claims against other

parties, whether or not such parties are named herein.

11. The answering defendant reserves and asserts all rights to limitation of damages as set forth in CPLR Article 16.

12. Upon information and belief, plaintiff's alleged damages should be reduced or offset by an amount reflecting the failure to mitigate.

13. Other parties, whether named or unnamed in the complaint, and whether known or presently unknown, were negligent, legally responsible, or otherwise at fault for the damages alleged, if any. In the event that plaintiff recovers against defendants, the answering defendant requests that an apportionment of fault be made by the Court or jury as to all parties, and it further requests a judgment or declaration of indemnification and/or contribution against each and every party or person in accordance with the apportionment of fault and the law of New York.

14. The subject action has been brought in an improper venue.

15. The subject action has been brought in an inconvenient forum.

WHEREFORE, it is respectfully requested that judgment be entered dismissing the action against it in the entirety, granting relief consistent with its several affirmative defenses and granting such other and further relief as may be just and proper.

## RESERVATIONS

1. The answering defendant bases its Affirmative Defenses upon the information and belief it currently possesses, and reserves the right to amend its Answer and Affirmative Defenses and assert such other affirmative defenses as may be warranted as facts and issues develop during the course of the investigation, discovery and litigation of this action.

2. Nothing set forth herein as an affirmative defense is in any way intended to waive

or alter any burden of proof and is set forth to put the plaintiff on notice of defense-related issues that the answering defendant may raise in the course of this litigation.

Dated:  Buffalo, New York
   September 7, 2018

          Respectfully submitted,

          GOLDBERG SEGALLA LLP

          By: _____
            John P. Freedenberg
            *Attorneys for Delta Air Lines, Inc.*
            665 Main Street
            Buffalo, New York 14203-1425
            Phone:  (716) 566-5400
            Fax:   (716) 566-5401

TO:  LeRoi C. Johnson, Esq.
    *Attorney for Plaintiff*
    181 Franklin Street, Suite 320
    Buffalo, New York 14202
    (716) 885-6883

## ATTORNEY VERIFICATION

The undersigned, an attorney admitted to practice in the courts of New York, states that deponent is a member of the law firm of Goldberg Segalla LLP, attorneys for defendant Delta Air Lines, Inc., in the within action; that deponent has read the foregoing Answer and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, deponent believes it to be true.  Deponent further states that the reason this verification is made by deponent and not by defendant is that defendant is not located in Erie County where said attorneys are located.

The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows:

Investigation, discussion and review of relevant file information and contact with defendant's representatives.

The undersigned verifies that the foregoing statements are true, under penalties of perjury.

Dated:   Buffalo, New York
September 7, 2018

By: _____
John P. Freedenberg

STATE OF NEW YORK      )
SUPREME COURT          )      **COUNTY OF ERIE**

**MATTIE HOLT,**

                   **Plaintiff(s),**

                                        **AMENDED COMPLAINT**

**vs.**

                                        **INDEX NO. 806914/2018**

**DELTA AIRLINES, and**
**John and Jane Doe 1-99,**

                   **Defendant(s).**

The Plaintiff above-named, by and through her attorney, LeRoi C. Johnson, Esq., as and for her Complaint against the Defendant herein, alleges as follows:

    1.    At all times material and hereinafter mentioned the Plaintiff, MATTIE HOLT, was and still is a resident of the City of Buffalo, County of Erie, and State of New York.

    2.    Upon information and belief, at all times material and hereinafter mentioned, the Defendant, DELTA AIRLINES, was and still is incorporated and is conducting business in the City of Atlanta, County of Clayton and State of Georgia.

    3.    Upon information and belief, on or about May 25, 2016, Ms. Holt was at DELTA AIRLINES at the Hartsfield-Jackson Atlanta International Airport located at 6000 N Terminal Pkwy, Atlanta GA 30320 and fell on the jet bridge plate being controlled and being operated by the airlines. This occurred in the City of Atlanta, County of Clayton and State of Georgia.

    4.    Upon information and belief, the Defendant, DELTA AIRLINES, was transacting and conducting business in the State of New York and throughout the United

States.

5.     Consequently, the liability of the Defendant, DELTA AIRLINES, is the sole responsibility of the Defendant.

6.     Consequently, the liability of the Defendant, DELTA AIRLINES, is the sole responsibility of the Defendant.

### AS AND FOR THE FIRST CAUSE OF ACTION

### ON BEHALF OF THE PLAINTIFF, PLAINTIFF ALLEGES AS FOLLOWS

7.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "6", inclusive with the same force and effect as if fully set forth herein.

8.     Following and as a result of the negligence of the Defendant in causing the accident, the Plaintiff was caused to sustain severe, painful and permanent injuries; and was otherwise rendered sick, sore, lame and disabled and prevented from following her usual duties and activities; was caused to endure considerable pain and suffering and was caused to endure pain and suffering in the future; was caused and will be caused to in the future to expend large sums of money for medical expenses, physicians' services, hospital care, etc.; has further suffered a loss of her quality and ability to enjoy life, and was otherwise injured and damaged.

9.     Upon information and belief and by reason of the foregoing, the Plaintiff has sustained a "serious injury" as that term is defined in Section 5102(d) of New York State's Insurance Law.

10.    Upon information and belief by reason of the foregoing, the Plaintiff has

FILED: ERIE COUNTY CLERK 09/04/2018 04:57 PM
NYSCEF DOC. NO. Case 1:18-cv-01219-CCR   Document 1   Filed 11/01/18   Page 19 of 26

INDEX NO. 806914/2018
RECEIVED NYSCEF: 09/04/2018

sustained or may sustain in the future "economic loss greater than basic economic loss" as that term is defined in Section 5102(a) of New York State's Insurance Law.

11.     That as a result of the foregoing, the Plaintiff has been damaged in a sum to be determined by the Court.

**WHEREFORE,** the Plaintiff hereby demands judgment against the Defendants herein as follows:

a) On the first cause of action in a sum to be determined by the Court;

b) Together with the costs and disbursements incurred in this proceeding, and for such other and further and different relief as the Court seems just and proper.

DATED:      September 4, 2018
            Buffalo, New York

By: _____
LeRoi C. Johnson, Esq.
*Attorney for the Plaintiff*
Law Office of LeRoi C. Johnson PLLC
181 Franklin Street, Suite 320
Buffalo, New York 14202
(716) 885-6883

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

MATTIE HOLT,                                    **ANSWER**

                               Plaintiff,       Index No. 806914/2018

                    vs

DELTA AIRLINES,

                               Defendant.

---

Defendant, Delta Air Lines, Inc. (sued herein as "Delta Airlines"), by its attorneys, Goldberg Segalla LLP, for its answer to the amended complaint herein:

1.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 1 and 3 of the amended complaint.

2.      Responding to paragraph 2 of the amended complaint, states that Delta Air Lines, Inc., is a Delaware corporation with its principal executive offices in Atlanta, Georgia.

3.      Responding to paragraph 4 of the amended complaint, states that Delta Air Lines, Inc., conducts business in New York and in several states within the United States.

4.      Denies the allegations contained in paragraphs 5, 6, 8, 9, 10 and 11 of the amended complaint.

5.      Denies each and every allegation of the amended complaint not hereinbefore admitted, denied or otherwise controverted.

### AFFIRMATIVE DEFENSES

1.      The amended complaint fails to state a cause of action against the answering defendant.

2.      Upon information and belief, the incident complained of in the amended complaint and the alleged damages were caused by the culpable conduct of plaintiff.

3.      Upon information and belief, the incident complained of in the amended complaint and the alleged damages were caused by the culpable conduct of one or more third-parties for which the answering defendant bears no responsibility.

4.      Upon information and belief, the spoliation of evidence has deprived the answering defendant of a full and unfettered opportunity to establish and present a complete defense herein, thus entitling it to dismissal of the claims against it.

5.      Some or all of plaintiff's causes of action are barred by the applicable statutes of limitations.

6.      The amount of any judgment in favor of plaintiff must be reduced by the amount plaintiff received or could have received from any collateral source.

7.      No action or inaction by the answering defendant was the proximate cause of plaintiff's alleged injuries or damages, and, therefore, the answering defendant is not legally responsible.

8.      Upon information and belief, plaintiff's alleged injuries or damages, if any, were the result of an independent, intervening and superseding cause or event, and/or an act or omission on the part of one or more persons or entities over whom the answering defendant had no control, with whom the answering defendant had no legal relationship, and whose acts or omissions the answering defendant had no reason to anticipate, and, therefore, the answering defendant is not legally responsible.

9.      Upon information and belief, the incident giving rise to this action and the alleged injuries of plaintiff's decedent were proximately caused by products that were not designed,

manufactured, engineered, assembled, inspected and/or supplied by the answering defendant.

10.   The answering defendant reserves and asserts all rights under General Obligations Law Section 15-108 in the event plaintiff settles with or discontinues claims against other parties, whether or not such parties are named herein.

11.   The answering defendant reserves and asserts all rights to limitation of damages as set forth in CPLR Article 16.

12.   Upon information and belief, plaintiff's alleged damages should be reduced or offset by an amount reflecting the failure to mitigate.

13.   Other parties, whether named or unnamed in the complaint, and whether known or presently unknown, were negligent, legally responsible, or otherwise at fault for the damages alleged, if any.  In the event that plaintiff recovers against defendants, the answering defendant requests that an apportionment of fault be made by the Court or jury as to all parties, and it further requests a judgment or declaration of indemnification and/or contribution against each and every party or person in accordance with the apportionment of fault and the law of New York.

14.   The subject action has been brought in an improper venue.

15.   The subject action has been brought in an inconvenient forum.

WHEREFORE, it is respectfully requested that judgment be entered dismissing the action against defendant in the entirety, granting relief consistent with its several affirmative defenses and granting such other and further relief as may be just and proper.

## RESERVATIONS

1.   The answering defendant bases its Affirmative Defenses upon the information and belief it currently possesses, and reserves the right to amend its Answer and Affirmative

Defenses and assert such other affirmative defenses as may be warranted as facts and issues develop during the course of the investigation, discovery and litigation of this action.

    2.    Nothing set forth herein as an affirmative defense is in any way intended to waive or alter any burden of proof and is set forth to put the plaintiff on notice of defense-related issues that the answering defendant may raise in the course of this litigation.

Dated:  Buffalo, New York
        November 1, 2018

Respectfully submitted,

GOLDBERG SEGALLA LLP

By:    John P. Freedenberg
     *Attorneys for Delta Air Lines, Inc.*
     665 Main Street
     Buffalo, New York 14203-1425
     Phone:  (716) 566-5400
     Fax:    (716) 566-5401

TO:    LeRoi C. Johnson, Esq.
      *Attorney for Plaintiff*
      181 Franklin Street, Suite 320
      Buffalo, New York 14202
      (716) 885-6883

4

## ATTORNEY VERIFICATION

The undersigned, an attorney admitted to practice in the courts of New York, states that deponent is a member of the law firm of Goldberg Segalla LLP, attorneys for defendant Delta Air Lines, Inc., in the within action; that deponent has read the foregoing Answer and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, deponent believes it to be true.  Deponent further states that the reason this verification is made by deponent and not by defendant is that defendant is not located in Erie County where said attorneys are located.

The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows:

Investigation, discussion and review of relevant file information and contact with defendant's representatives.

The undersigned verifies that the foregoing statements are true, under penalties of perjury.

Dated:   Buffalo, New York
         November 1, 2018

By: _____
     John P. Freedenberg

21164798.v1

5

# EXHIBIT C

Law Office of LeRoi C. Johnson PLLC
181 Franklin St., Suite 320, Buffalo, NY 14202
Phone: (716) 885-6883 / 5553 ♦ Fax: (716) 852-3641
leroilaw@aol.com

STATE OF NEW YORK )
SUPREME COURT          )          COUNTY OF ERIE

MATTIE HOLT,

          **Plaintiff(s),**

   **vs.**

**DELTA AIRLINES, and**
**John and Jane Doe 1-99,**

          **Defendant(s).**

**PLAINTIFF'S RESPONSE TO
DEMAND PURSUANT TO
CPLR 3017(C)**

**INDEX NO. 806914/2018**

The Plaintiff, Mattie Holt, by her Attorney, LeRoi C. Johnson, Esq., for her response to Defendant's Demand Pursuant to CPLR 3017(C), answers by the following:

1.   Given the serious nature and the permanency of Ms. Holt's injuries along with the supporting medical reports and studies, I feel a demand of $250,000.00 is reasonable.

Dated: October 29, 2018
       Buffalo, New York

                           LeRoi C. Johnson, Esq.
                           Law Office of LeRoi C. Johnson PLLC
                           *Attorney for Plaintiff*
                           181 Franklin Street, Suite 320
                           Buffalo, New York 14202
                           (716) 885-6883

TO:   John P. Freedenberg, Esq.
       Goldberg Segalla LLP
       *Attorney for the Defendant*
       665 Main Street, Suite 400
       Buffalo, NY 14203
       (716) 566-5400